UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT KERN,

               Plaintiff,               Case No. 1:12-cv-147

v.                                         Honorable Robert Holmes Bell

PRISON HEALTH SERVICES, INC. et al.

               Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Upon initial review, the Court has determined that the allegations of the complaint are sufficient to warrant service. The matter now is before the Court on Plaintiff's motion for a preliminary injunction (docket #3). For the reasons that follow, the motion is denied.

## Background

In his complaint and his motion for a preliminary injunction, Plaintiff contends that he has chronic arthritis and a pinched nerve in his back, which were precipitated by an injury at the age of 16 years. Since 2007, when he was first incarcerated with the Michigan Department of Corrections on his current convictions, Plaintiff has been prescribed various medications for his chronic back pain and numbness in his lower extremities: Baclofen, Mobic, Flexeril, Tylenol and Elavil. While he was housed at the Bellamy Creek Correctional Facility (IBC), he was prescribed Baclofen and Tylenol, which together significantly reduced his back pain and leg numbness. He also had a medical accommodation for a knee brace to treat a torn ligament in his knee.

In May 2011, Plaintiff was transferred from IBC to the Oaks Correctional Facility (ECF). Shortly after his arrival, Plaintiff was seen by Defendant Crompton, at which time Crompton cancelled Plaintiff's prescriptions for Baclofen and Tylenol. During the ensuing months, Plaintiff experienced increasingly severe back pain and numbness in his lower extremities. Plaintiff began sending kites to health services, and Crompton eventually prescribed Tylenol. The Tylenol alone had no significant or lasting effect on the pain and had no effect on the numbness. Plaintiff continued to complain to health services.

On December 5, 2011, Plaintiff was seen by Dr. Crompton. Plaintiff explained the increasing seriousness of his back pain and numbness and how both were affecting his ability to sleep, walk, sit, defecate, stand, or change position while resting. Without performing any physical examination, Crompton told Plaintiff, "[Y]ou look all right to me." When Plaintiff attempted to question Crompton about how he had reached his decision, Crompton simply told him, "[H]ave a nice day." Plaintiff immediately asked the corrections officer who was present for a grievance form. Plaintiff filed the grievance, complaining that his medical needs were not being met. The following day, December 6, 2011, Plaintiff was called to an appointment with a nurse. The nurse informed Plaintiff that Crompton had terminated Plaintiff's accommodation for the knee brace, and Plaintiff was required to turn his brace over to the nurse. Plaintiff alleges that Crompton took his knee brace in retaliation for Plaintiff's grievance. Plaintiff alleges that the removal of the knee brace caused his ligament to heal improperly, causing ongoing pain and discomfort.

Plaintiff was seen again by Crompton on January 31, 2012, at which time Plaintiff complained that his back pain and numbness had grown so extreme that he could neither sit nor stand for any length of time and he could not sleep, defecate or walk normally. Crompton refused

to prescribe another medication and told Plaintiff that there was nothing he could do for Plaintiff. Instead, Crompton advised Plaintiff to starve himself and lose some weight. When Plaintiff asked for a referral to a pain management specialist or a neurologist, Crompton dismissed Plaintiff, telling him to "have a nice day."

Plaintiff alleges that he is being denied effective medical care in violation of the Eighth Amendment. He alleges that Defendant Crompton was deliberately indifferent to his significant and disabling medical condition and that Crompton removed him from his medications for non-medical reasons. He also alleges that Crompton removed his leg brace in retaliation for Plaintiff's complaints. Further, Plaintiff alleges that Defendant Prison Health Services has a policy of removing prisoners with chronic pain from effective pain medication for cost and other non-medical reasons.

Plaintiff seeks preliminary injunctive relief in the form of a medical examination by a specialist and an appropriate plan of treatment.

## Discussion

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable

powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. It is not at all clear from Plaintiff's *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his Eighth Amendment claim. Although the Court has concluded that Plaintiff's allegations are sufficient to warrant service of the complaint, the allegations are not sufficient at this early stage of the proceedings to constitute a substantial showing that Plaintiff will successfully prove that Defendants' conduct rises to the level of deliberate indifference necessary to prove an Eighth Amendment claim.

The second factor, the presence of irreparable harm, does not strongly support the issuance of a preliminary injunction. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. Although Plaintiff may continue to experience pain during the course of the litigation, it is an open question whether Plaintiff will successfully prove that his pain is caused by Defendants'

deliberate indifference or whether his complaint merely involves a difference of opinion with his care provider. On balance, given the dubiousness of success, it is not clear that any harm would be irreparable.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prisoner medical care are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. Moreover, the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir.1997). Because Plaintiff's requested relief would alter the status quo, the public interest is not served by granting the motion for a preliminary injunction.

## **Conclusion**

For the foregoing reasons, the Court concludes that preliminary injunctive relief is not warranted. The Court therefore will deny Plaintiff's motion for a preliminary injunction (docket #3). An Order consistent with this Opinion will issue.


Dated: March 9, 2012                             /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE