UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| BRYANT KERN, #351043, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-147 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PRISON HEALTH SERVICES, | ) | |
| INC., et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that Robert Crompton, M.D., violated his Eighth Amendment rights when he discontinued a prescription for Baclofen, a muscle relaxant, and an authorization for a knee brace. Further, he alleges that the physician retaliated against him in violation of his First Amendment rights by terminating the knee brace. Defendant Prison Health Services (PHS)[1] is Dr. Crompton's employer. Plaintiff seeks damages and declaratory and injunctive relief.

The matter is before the court on defendants' motion for summary judgment. (docket # 19). Plaintiff has filed his response (docket # 28) and defendants' motion is ready for decision. For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted, and that judgment be entered in defendants' favor on all plaintiff's claims.

---

[1]PHS has changed its name to Corizon Health, Inc. *See Strayhorn v. Caruso*, No. 11-15216, 2012 WL 4086168, at * 1 (E.D. Mich. Sept. 17, 2012).

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Gecewicz v. Henry Ford Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Coleman v. Bowerman*, 474 F. App'x 435, 436 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543,

549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

## Proposed Findings of Fact

The following facts are beyond genuine issue. At all times relevant to his complaint, plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) housed at the Oaks Correctional Facility (ECF).[2] (Compl. ¶¶ 3, 9, 10). The defendant, Robert Crompton, M.D., is a licensed physician and ECF's Medical Director. (Crompton Decl. ¶ 2, docket # 19-2).

Plaintiff is a morbidly obese prisoner in his mid-thirties with very mild degenerative changes in his lower back and knee. He has a full range of motion in his knee and back and no spasms. There is no evidence of any structural abnormality or injury that would cause plaintiff significant pain. Plaintiff's weight is his primary medical problem, but he has been non-compliant with medical recommendations regarding diet and exercise. At all times relevant to this lawsuit, plaintiff has weighed in excess of 400 pounds. (Crompton Decl. ¶ 3; docket # 21-1, medical records).

On June 17, 2011, plaintiff was transferred to ECF. At the time of transfer, plaintiff had a prescription for Baclofen and an accommodation for a knee brace. (Compl. ¶¶ 5-9; Plf. Decl.

---

[2]Plaintiff's complaint is verified under penalty of perjury. It is considered as an affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

¶¶ 6-8, docket # 5, ID# 33; Crompton Decl. ¶¶ 16-18). Dr. Crompton first became involved in plaintiff's care on June 20, 2011. (Crompton Decl. ¶ 19; 06/20/11 progress notes, docket # 21-1, ID#s 166-68). Plaintiff related that he ate the regular prison diet as well as "a lot" of food from ECF's commissary. Upon examination, Dr. Crompton found no evidence of lumbar muscle spasms. Plaintiff's ability to perform rapid direct movements undercut any claim of significant pain. In light of the objective medical evidence, Dr. Crompton determined that the muscle relaxant Baclofen would be discontinued. All medications carry risks, and Baclofen can cause seizures, nausea, confusion, drowsiness, dizziness, weakness, headache, and insomnia. Dr. Crompton determined that the benefits of Baclofen did not outweigh its possible side-effects. (Crompton Decl. ¶ 19).

Plaintiff was examined and treated by other medical care providers in June, July, September, and November 2011. (docket # 21-1, ID#s 169-76; Crompton Decl. ¶¶ 20-24). Dr. Crompton examined plaintiff on November 30, 2011. He noted that plaintiff had "a normal gait, was able to climb onto the table, and sat comfortably with fluid movements." (Crompton Decl. ¶ 25; 11/30/11 progress notes, docket # 21-1, ID#s 177-78).

On December 5, 2011, Dr. Crompton noted that plaintiff had normal posture and gait. He discontinued plaintiff's knee brace, because he appeared asymptomatic and there was no longer any medical indication of a need for a brace. (Crompton Decl. ¶ 26; 12/06/11 progress notes, docket # 21-1, ID#s 181-82). Plaintiff reported increased back pain and numbness in his lower extremities, Dr. Crompton purportedly responded that plaintiff looked fine. When plaintiff confronted the doctor and asked how he could reach such a conclusion, Dr. Crompton's response was to tell plaintiff to "have a nice day." Plaintiff states that he then asked the corrections officer who was present for a grievance form. Plaintiff believes that Dr. Crompton discontinued his knee brace because he had

expressed dissatisfaction with the doctor's services and was going to pursue a grievance against him. (Plf. Decl. ¶¶ 10-17; Compl. ¶¶ 15-26).

On December 12, 2011, plaintiff reported that he was experiencing knee pain after exercising. Dr. Crompton prescribed Tylenol. (Crompton Decl. ¶ 27; 12/12/11 progress notes, docket # 21-1, ID#s 181-82).

On January 31, 2012, plaintiff asked Dr. Crompton for a pain medication stronger than Tylenol. The physician declined to prescribe any stronger medication and reiterated that plaintiff should pursue weight loss through diet and exercise. (Compl. ¶¶ 28-33; Crompton Decl. ¶ 31; 01/31/12 progress notes, docket # 21-1, ID#s 184-85). In Dr. Crompton's medical judgment, plaintiff's pain is brought on by his excessive weight, and the best and most effective treatment is diet and exercise. (Crompton Decl. ¶¶ 2-3, 32-33).

## Discussion

### 1. Eighth Amendment

Plaintiff alleges that Dr. Crompton was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible

consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against Dr. Crompton.

The second prong under *Wilson* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally

reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n.5; *accord Minneci v. Pollard*, 132 S. Ct. 617 (2012) (refusing to imply a Bivens remedy against employees of a privately operated federal prison for allegedly providing inadequate medical care because state law authorized adequate alternative damages actions); *Reed v. Speck*, No. 12-5172, 2012 WL 6176846, at * 3 (6th Cir. Dec. 11, 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550)).

Plaintiff has not presented evidence sufficient to support either the objective or the subjective component of an Eighth Amendment claim. The record is devoid of any diagnosis of a disease or medical condition sufficiently serious to rise to constitutional levels. A vague complaint of knee pain does not meet the objective standard of a serious medical condition. Further, plaintiff has not provided evidence of any deficiency in Dr. Crompton's care. The Constitution does not forbid a doctor from exercising sound medical judgment, nor does it require prescription of medication, although desired by the patient, that the doctor believes unwarranted. On the present record, no reasonable trier of fact could find that defendant was deliberately indifferent to a serious medical need. I find that Dr. Crompton is entitled to judgment in his favor as a matter of law on plaintiff's Eight Amendment claims.

### 2. First Amendment

Plaintiff alleges that Dr. Crompton retaliated against him by discontinuing his knee brace. On summary judgment, a plaintiff asserting a First Amendment retaliation claim must present

evidentiary proof on which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999)(*en banc*). The plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

"The first element [plaintiff] must establish for his retaliation claim is that he was engaged in conduct protected by the First Amendment." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). The Sixth Circuit recognizes that a prisoner's filing of a grievance can constitute protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Frivolous grievances are not protected conduct. *See Hill v. Lappin*, 630 F.3d at 472; *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (calling a hearing officer a "foul and corrupted bitch" was not protected conduct); *Herron v. Harrison*, 203 F.3d at 415. I will assume for analytical purposes that plaintiff's grievance constituted constitutionally protected conduct.

The second element of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct. "[R]outine inconveniences of prison life [ ] do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). Plaintiff did not have a right to a knee brace. The purported action of Dr. Crompton is not action that would deter a person of ordinary firmness.

Under the causation element of a prisoner's *prima facie* case for retaliation, the subjective motivation of the decisionmaker is at issue. "The third element of a First Amendment

retaliation claim requires the plaintiff to prove a causal connection between the protected conduct and the adverse action. When assessing motive in the context of a summary judgment motion, bare allegations of malice do not suffice to establish a constitutional claim. This court has held that circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010) (internal quotations and citations omitted). Plaintiff must demonstrate that his protected speech was a substantial or motivating factor in the adverse action taken by defendant. Specifically, plaintiff must point to specific, nonconclusory evidence reasonably linking his speech to the adverse action. *Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003). The Sixth Circuit has interpreted this inquiry to mean that a motivating factor is "essentially but-for cause-without which the action being challenged simply would not have been taken." *Vereecke*, 609 F.3d at 400 (quoting *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007), and *Greene v. Barber*, 310 F.3d 889, 897 (6th Cir. 2002)). "Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone." *Vereecke*, 609 F.3d at 400; *see Tuttle v. Metropolitan Gov't of Nashville,* 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity standing alone, is insufficient to establish a causal connection for a retaliation claim."). Plaintiff has not presented evidence of causation sufficient to support a First Amendment claim against Dr. Crompton. Dr. Crompton was committed to a conservative course of treatment long before plaintiff even threatened a grievance. Further, defendant has shown that he would have terminated the knee brace authorization if plaintiff had not filed a grievance. I find that Dr. Crompton is entitled to judgment in his favor as a matter of law on plaintiff's First Amendment claim.

### 3. Prison Health Services

Plaintiff seeks to hold PHS vicariously liable for the acts of its employee. A private corporation cannot be held liable under section 1983 on the basis of *respondeat superior* or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *see Lane v. Wexford Health Sources*, No. 11-3552, 2013 WL 57887, at * 2 (6th Cir. Jan. 7, 2013). Plaintiff has not presented evidence of a custom or policy sufficient to establish entitlement to relief against the corporate defendant. *See Street*, 102 F.2d at 818; *see also Broyles v. Correctional Med. Servs., Inc.,* No. 08-1638, 2009 WL 3154241, at * 2 (6th Cir. Jan. 23, 2009).

### Recommended Disposition

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 19) be granted, and that judgment be entered in defendants' favor on all plaintiff's claims.

Dated:  February 19, 2013                    /s/  Joseph G. Scoville
                                             United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129

S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).